UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CURTIS E. DILLON (#282159)**                                 **CIVIL ACTION**

**VERSUS**

**T. ALEXANDER, ET AL.**                                              **21-454-SDD-SDJ**

ORDER

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary, Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against numerous defendants, complaining that his constitutional rights have been violated because he has been falsely imprisoned since 1997. The Plaintiff has now filed a Motion for Preliminary Injunction and/or Temporary Restraining Order (R. Doc. 4).

The relief sought by the Plaintiff in his Motion is generally co-extensive with the relief sought in his Complaint, as amended. As a general rule, preliminary injunctions and temporary restraining orders are designed to preserve the status quo prior to the court's consideration of a case on its merits, and they are not intended as a substitute for relief on the merits of the case. *See* generally *Federal Savings & Loan Insurance Corp. v. Dixon*, 835 F.2d 554, 558 (5th Cir.1987); *Shanks v. City of Dallas, Texas*, 752 F.2d 1092, 1096 (5th Cir.1985). Otherwise, the normal procedures of litigation would be circumvented by trying a case on the merits through a motion for injunctive relief. For this reason, the Plaintiff's Motion should be denied, along with the Plaintiff's failure to meet his onerous burden of proof as discussed below.

"A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (internal citations

and quotations omitted).  See also *Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989) (preliminary injunctive relief "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors"); *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) ("[t]he decision to grant a request for preliminary injunction is to be treated as the exception rather than the rule").  The decision whether to grant or deny a request for a preliminary injunction is within the sound discretion of the Court.  *See Allied Mlttg. Grp., Inc.*, 878 F.2d at 809.

At all times, the burden of persuasion remains with the Plaintiff as to each of the four elements.  Specifically, a Plaintiff must establish: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest.  See *Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008).  If a plaintiff fails to meet his burden regarding any of the necessary elements, the Court need not address the other elements necessary for granting a preliminary injunction.  *See Roho, Inc. v. Marquis*, 902 F.2d 356, 261 (5th Cir. 1990) (declining to address the remaining elements necessary to obtain a preliminary injunction after finding that the plaintiff failed to show a substantial likelihood of success on the merits).

The Plaintiff has not and cannot show a substantial likelihood of success on the merits. The plaintiff has filed at least four Complaints in this Court regarding the same

series of events complained of herein[1]. Since the plaintiff's claims are duplicative of the claims asserted in previously in this Court, his claims asserted herein are subject to dismissal as being legally frivolous within the meaning of 28 U.S.C. §§ 1915(e) and 1915A. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion (R. Doc. 4) is **DENIED**.

Signed in Baton Rouge, Louisiana, on <u>March 10, 2022</u>.

*Shelly D. Dick*
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[1] *See Dillon v. La Dept of Public Safety and Corrections*, 98-212-FJO-DLD (M.D. La.); *Dillon v. Jackson, et al.*, 98-908-FJP-DLD (M.D. La.); *Dillon v. Stalder, et al.*, 03-165-B-1 (M.D. La.); and *Dillon v. Belt, et al.*, 04-376-D-M2 (M.D. La.) wherein the plaintiff questions the validity of his confinement due to reliance on false documents.